UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SYNERGY TRAFFIC CONTROL, INC., formerly known as E-NOR INNOVATIONS, INC., a California corporation; KENNETH RAY JONES, an individual; SALLYPORT COMMERCIAL FINANCE, LLC, a Delaware Corporation; et. al.,<br><br>Defendants. | Case No.: 2:25-cv-06045-MAA<br><br>[2nd AMENDED ~~PROPOSED~~] INTERLOCUTORY JUDGMENT BY STIPULATION |

-1-

Pursuant to the Joint Stipulation for Entry of Interlocutory Judgment in lieu of Rule 26(f) Report (Docket No. 43 - the "Stipulation") between the parties: Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company ("CTLF" or "Plaintiff") and Defendants Synergy Traffic Control, Inc. ("Employer"), Kenneth Ray Jones ("Owner"), and Sallyport Commercial Finance, LLC a Delaware limited liability company ("Sallyport"), and in light of the Default entered against Defendants Employer and Owner (Docket No. 39) on the First Amended Complaint (Docket No. 14), the Court approves the Stipulation, and enters JUDGMENT as follows, in favor of Construction Laborers Trust Funds for Southern California Administrative Company, against Defendants Synergy Traffic Control, Inc.,  formerly known as E-Nor Innovations, Inc ("Employer").

1.    ON THE FIRST CLAIM FOR RELIEF OF THE FIRST AMENDED COMPLAINT ("FAC") AGAINST EMPLOYER ONLY:

A. For default damages, accounting for all payments, with interest on the declining balance, of $199,370.74, plus additional interest of $51.89 per day after June 30, 2025, totaling **$210,543.64** as of February 3, 2026, representing reported, but unpaid contributions through October 2023, and not including contributions found through audit.

B. For attorney fees and costs of suit, pursuant to the Third Settlement Agreement (as defined in the FAC) and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).   Fees are calculated pursuant to Local Rule 55-3, to be **$7,810.87**.

C.  The total Judgment as to the First Claim is $218,354.51. The damages for this Claim are cumulative to, and not duplicative of, damages for the Second, Third, Fourth and Fifth Claims.

/ / /

2.      ON THE SECOND CLAIM FOR RELIEF OF THE FAC, AGAINST EMPLOYER ONLY:

      A.      Pursuant to the Agreements (as defined in the FAC) and ERISA § 502(g)(2)(A), for unreported contributions discovered in the Compliance Audit (as defined in the FAC), for work performed in the months of July 2021 through July 2023, only, in the amount of **$728,246.08**.

      B.      Pursuant to the Agreements and ERISA § 502(g)(2)(B), interest on those delinquent contributions, in the amount of $156,443.86, as of February 12, 2025, plus daily interest of $189.54 from February 12, 2025 to February 3, 2026, totaling **$223,921.35**.

      C.      Pursuant to the Agreements and ERISA § 502(g)(2)(C), liquidated damages in the amount of **$145,382.93**.

      D.      Pursuant to the Agreements and ERISA § 502(g)(2)(D), attorney fees and costs of suit. Fees are calculated pursuant to Local Rule 55-3, to be **$20,526.23**.

      E.      Pursuant to the Agreements and ERISA § 502(g)(2)(E), audit costs of **$40,160.00**.

      F.      The total Judgment for the Second Claim is **$1,158,236.59**. The damages in this Claim are cumulative to, and not duplicative of the First, Third, Fourth and Fifth Claims.

3.      ON THE THIRD CLAIM FOR RELIEF OF THE FAC, AGAINST EMPLOYER ONLY:

      A.      Pursuant to the Agreements and ERISA § 502(g)(2)(A), for reported, but unpaid contributions for work performed in the months of November 2024 through January 2025, net of any credits to date, in the amount of **$51,027.64**.

      B.      Pursuant to the Agreements (as defined in the FAC) and ERISA § 502(g)(2)(B), interest on those delinquent contributions, in the amount of $5,289.97, as of June 26, 2025, plus additional interest accruing after that date, at the rate of 9.5% per

annum, to February 3, 2026, in the amount of **$4,023.43**.

C.    Pursuant to the Agreements and ERISA § 502(g)(2)(C), liquidated damages in the amount of **$36,483.44**.

D.    Pursuant to the Agreements and ERISA § 502(g)(2)(D), attorney fees and costs of suit. Fees are calculated pursuant to Local Rule 55-3, to be **$5,100.44**.

E.    The total Judgment on the Third Claim is **$96,634.95**. The damages in this Claim are cumulative to, and not duplicative of, the First, Second, Fourth, and Fifth Claims.

4.    ON THE FOURTH CLAIM OF RELIEF OF THE FAC AGAINST THE EMPLOYER ONLY

Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E), and the provisions of the applicable Agreements (as defined in the FAC), final injunctive relief is granted. It is ORDERED:

A.    That Defendant Employer, its officers and agents, be compelled to forthwith submit to an audit of Employer's payroll and business records and that Employer produce the following payroll and business records for the time period of August 2023 to current ("Current Audit Period"), to Plaintiff or their designated agent for inspection, examination and copying:

1.1.    All payroll and employee documents during the Current Audit Period including, but not limited to, all payroll records (including certified payroll records, electronic payroll records, and all records reflecting payments to trust funds other than the Laborer Trust Funds of Southern California, Federal W-2 Forms, Forms 1099 and 1096, Quarterly State Tax returns, and time cards), all cash disbursement ledgers, all canceled checks, check registers, invoices and bank checking account statements, the scope of work portion of all contracts and subcontracts between general contractors and subcontractors. If requested by the Trust Funds, the Contractor shall provide payroll breakdown by job, and shall

provide the job location, legal description of the jobsite property if known, the owner of job location, the name and address of the entity for which the Contractor is working, the contact telephone number for the job, the names and social security numbers of the employees working on the job, the number of hours worked by each employee on the job, all preliminary notices, mechanic liens and stop notices on the job, other relevant job location information requested by the Trust Funds and certification of workers compensation coverage.

1.2. All Employer's documents during the Current Audit Period related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices.

1.3. All Employer's bank statements during the Audit Period for all checking and savings accounts.

1.4. All Employer's documents during the Current Audit Period related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journals, accounts payable journals, check registers, and all other documents which indicate cash disbursements.

1.5. All collective bargaining agreements between Employer and any trade union in effect at any time during the Current Audit Period.

1.6. All reports or statements submitted to any employee benefit plan, and a copy of the check(s) to such plan(s), for which Employer has claimed a credit on any certified payroll reports for work performed during the Audit Period.

B.    That Plaintiff shall be provided with direct access to all documents specified in 1.1 through 1.6 above, in the manner in which such records are kept, including access to electronic data kept on payroll or accounting software. Employer shall allow the designated agent of the Trust Funds to enter its premises, or other premises where such records are kept, in order to inspect and copy the documents as they are kept.  The Employer shall provide direct access to any computer programs

and/or files on which such records are kept to the designated agent of the Trust Funds for purposes of inspection and copying.

C. Sallyport and Owner remain defendants as to the Fourth Claim for Relief. Sallyport and Owner reserve their defenses and arguments as to this Claim. Any dispute over enforcement of this injunction, may be brought to the Court by appropriate motion by any party.

D. This judgment is not a bar to Plaintiff's, Owner, or Sallyport's claims or defenses concerning the Fourth Claim for Relief. No later than June 1, 2026, counsel shall jointly report to the Court the progress of the audit, and any settlement efforts as to this Claim.

5. AS TO THE FIFTH CLAIM FOR RELIEF OF THE FAC, AGAINST EMPLOYER ONLY, this amount remains to be determined by the audit for the Current Audit Period. This Judgment shall not operate as res judicata as to the amount of contributions due for the Current Audit Period of August 2023 forward. If additional contributions are found to be due through the audit ordered here, or otherwise, the Court reserves jurisdiction to amend this Judgment as against Employer upon motion of Plaintiff, or for Plaintiff to bring a subsequent action in this Court, in which counsel shall file a Notice of Related Case, referring to this case, pursuant to L.R. 83-1.3. In addition, any such claims (and defenses) for contributions found due for the Current Audit Period are tolled, as to Employer and Owner, as of the date of this filing of this action – July 2, 2025.

6. ATTORNEY FEES AND COSTS: Attorney fees are awarded, as against Employer only, pursuant to 29 U.S.C. § 1132(g)(2)(D), and the provisions of the collective bargaining agreement on the First through Fourth Claims for Relief, in the amounts listed above. The award of fees herein is without prejudice as to attorney fees or costs claimed or opposed in any Claim (the Fifth and Sixth Claims) upon which final

judgment is not entered herein.  As to those Claims, all Parties reserve their respective claims and defenses, except that any claim for fees by Plaintiff shall account for the fees already awarded here, so that Plaintiff may not claim duplicative fees.

7.    THE TOTAL MONETARY JUDGMENT, INCLUDING FEES AND COSTS, IS **$1,473,226.05**, AS AGAINST EMPLOYER ONLY.  This is without prejudice to any claims or defenses of any Party as to whether any other Defendant may be jointly liable for any part of this Judgment.

8.    AS TO THE SIXTH CLAIM FOR RELIEF, AGAINST EMPLOYER, OWNER AND SALLYPORT, litigation is stayed, pending the audit ordered above. Such stay may be terminated by appropriate stipulation or motion by any party. This Judgment is not a bar to any party's claimed defenses concerning the Sixth Claim for Relief.  No later than June 1, 2026, counsel shall jointly report to the Court the progress of the audit, and any settlement efforts as to this Claim.

9.    All parties and their counsel shall comply with any applicable rules, including Fed. R. Civ. P. 52, Local Rules 5.2 and 79-5, governing the treatment and use in court filings of private information protected by said rules.

10.    The Seventh and Eighth Claims for Relief have been previously dismissed. This Judgment resolves all other claims as to Employer, except the Fifth and Sixth Claims.  Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay, so that this Judgment should be considered final and enforceable upon entry.

11.  There is no stay on the enforcement of the injunctive relief in this Judgment, on the Fourth Claim for Relief, as to Employer.

12.  Enforcement of the monetary judgment, against Employer, on the First, Second and Third Claims for Relief, is stayed.  Notwithstanding the stay of enforcement of the monetary awards in favor of Plaintiff, Plaintiff may, with respect to the amounts awarded under the First, Second, and Third Claims for Relief in this Judgment do the following: (i) file liens, including judgment liens with the California Secretary of State and liens on pending actions, and take any actions necessary to perfect and preserve those liens, (ii) state a claim in any assignment for the benefit of creditors in which Employer or Owner is an assignor or state a claim in any case(s) under Title 11 of the United States Code (the "Bankruptcy Code") in which Employer or Owner is a debtor, and (iii) To object to the dischargeability of any debt owed to Plaintiff under Section 523 of the Bankruptcy Code and/or the right to object to a discharge under Section 727 of the Bankruptcy Code in any case(s) under the Bankruptcy Code in which Employer or Owner is a debtor, with Employer and Owner reserving all defenses in response to such objection.  This stay shall expire upon the earlier of the resolution of the Fifth and Sixth Claims, or July 31, 2026, whichever comes earlier.

13.  The Fifth and Sixth Claims remain pending, and no judgment or dismissal is entered at this time against Defendant Sallyport or Owner.  Nevertheless, the Court determines that there is no just reason for delay, so that this Judgment may be considered final, pursuant to Fed. R. Civ. P. 54(b), with the limitations and reservations expressed herein.

**IT IS SO ORDERED.**

DATED:   March 4, 2026

_____
HON. MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE